RECEIVED

JUN 3 0 2011

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:11-CR-002 |
| v. | ) | |
| | ) | |
| ERIC STEVEN BLEVINS, | ) | PLEA AGREEMENT |
| | ) | |
| Defendant. | ) | |

The United States of America (also referred to as "the Government") and the defendant,

Eric Steven Blevins, and defendant's attorney, Assistant Federal Public Defender Joseph D.

Herrold, enter into this Plea Agreement.

**A.     CHARGES**

1     Subject Offense.  Defendant will plead guilty to Count 1 of the Indictment, that is,

Unlawful User of a Controlled Substance in Possession of a Firearm and Ammunition in

violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2).  Defendant also

agrees to forfeiture of the firearm and ammunition listed in the Indictment.

2     No Charges to be Dismissed.  There are no charges to be dismissed.

3     No Further Prosecution.  The Government agrees that defendant will not be

charged in the Southern District of Iowa with any other federal criminal offense arising from or

directly relating to this investigation.  This paragraph and this plea agreement do not apply to (1)

any criminal act occurring after the date of this agreement, and (2) any crime of violence.

1

### B.    MAXIMUM PENALTIES

4    Maximum Punishment. Defendant understands that the crime to which defendant is pleading guilty carries and a maximum sentence of up to ten (10) years in prison; a maximum fine of $250,000.00; or both; and a term of supervised release of three (3) years. A mandatory special assessment of $100 per count also must be imposed by the sentencing court.

5    Supervised Release--Explained. Defendant understands that, during any period of supervised release or probation, defendant will be under supervision and will be required to comply with certain conditions. If defendant were to violate a condition of supervised release, defendant could be sentenced up to three (3) years in prison, without any credit for time previously served.

6    Detention. Provided that defendant does not violate any conditions of defendant's pretrial release, and does not appear to be mentally at risk to harm himself/herself or any other person, the Government agrees that defendant may remain on pretrial release pending imposition of sentence and will recommend that defendant be permitted to self-report to serve any term of imprisonment imposed by the Court.

### C.    NATURE OF THE OFFENSE -- FACTUAL BASIS

7    Elements understood. Defendant understands that to prove the offense alleged under **Count 1 (Unlawful User of a Controlled Substance in Possession of a Firearm and Ammunition)**, the Government would be required to prove beyond a reasonable doubt the following elements:

(1)    the defendant was an unlawful user of a controlled substance;

(2)    the defendant knowingly possessed a firearm while he was an unlawful

2

user of a controlled substance; and

(3)     the firearm was transported across a state line at some time during or

before the defendant's possession of it.

8     Elements Admitted.  As a factual basis for his plea of guilty, defendant admits the

following:

(1) On or about October 3, 2010, the defendant, Eric Steven Blevins and another

person were in a room on the second floor of a motel in Council Bluffs, in the Southern District

of Iowa.

(2) At approximately 3:00 that morning, officers of the Council Bluffs Police

Department went to that location in answer to complaints regarding the odor of marijuana in the

adjoining hallway of the motel.

(3) As officers sought entry to the motel room, they heard the bathroom stool

flush several times.

(4) Upon gaining entry to the room with the aid of motel personnel, officers

found two marijuana "blunts" (cigars) with burnt ends, and three containers of K2. Officers

observed that the smoke detector in the room had been removed and rendered inoperable, and

that there was damage to the screen to the exterior window. Officers then went to the exterior of

the motel and searched below the room on the ground outside, recovering a bag containing

marijuana, a second smaller bag also containing marijuana, a "marijuana pipe", and a case

containing a black HIPoint handgun (9mm).

(5) State of Iowa DCI Laboratory analysis (#2010-60070 Report 1, dated

12/07/2010) determined the two packets of marijuana recovered beneath the motel room and the

marijuana recovered in the motel room to be marijuana, a controlled substance.

(6) The 9mm HiPoint handgun recovered beneath the motel room is owned by Rodney R. Blevins, the father of the defendant. Rodney R. Blevins states that the handgun was last in his ex-wife's possession.

(7) A palm-print recovered from the window area of the motel room was determined to be a print from the left palm of the defendant.

(8) A finger-print found on the magazine to the 9mm HiPoint handgun was determined to be a print of the left ring finger of the defendant.

(9) On or about October 3, 2010, the defendant possessed and used marijuana, a Schedule I controlled substance.

(10) On October 3, 2010, at the motel in the Southern District of Iowa, the defendant possessed a 9mm HiPoint handgun, magazine and ammunition. Defendant knew he possessed said firearm and ammunition on October 3, 2010.

(11) The 9mm HiPoint handgun was at all times material to the Indictment a firearm within the meaning of federal law, and in full working order, capable of expelling ammunition.

(12) The 9mm HiPoint handgun and ammunition had traveled in interstate commerce prior to the defendant's possession of them on October 3, 2010, in the Southern District of Iowa. The handgun and ammunition were carried by the defendant from Nebraska, into Iowa, on October 3, 2010; and said handgun and ammunition were manufactured outside of the State of Iowa.

(13) The defendant has used marijuana, a Schedule I controlled substance, in the past. The defendant's possession of and use of marijuana has in part been documented in the records of the District Court of the State of Nebraska for Madison County; in records of the Madison County, Nebraska Sheriff's Department; and in the records of the Norfolk, Nebraska Police Department. The defendant has used marijuana from at least 2001, and continuing to on or about the date of his arrest on October 3, 2010. At the time of his arrest the defendant admitted that he had been arrested regarding marijuana as recently as "22 days before" his arrest on October 3, 2010.

9       Truthfulness of Factual Basis. Defendant acknowledges that the above statements are true. Defendant also understands that, during the change of plea hearing, the judge and the prosecutor may ask the defendant questions under oath about the offense to which defendant is pleading guilty, in the presence of defendant's attorney. Defendant understands that defendant must answer these questions truthfully, and that defendant can be prosecuted for perjury if that defendant gives any false answers.

10      Venue. Defendant agrees that venue for this case is proper for the United States District Court for the Southern District of Iowa.

**D.      SENTENCING**

11      Sentencing Guidelines. Defendant understands that defendant's sentence will be determined by the Court after considering the advisory United States Sentencing Guidelines, together with other factors set forth by law. The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which include, but are not limited to the following: the nature and extent of defendant's criminal history (prior convictions);

whether the defendant was on probation, parole or supervised release at the time of the offense; the type and nature of the firearm involved; the number of firearms involved; acceptance or lack of acceptance of responsibility; and whether or not the defendant is subject to any other undischarged term of imprisonment.

Defendant understands that, under some circumstances, the Court may "depart" or "vary" from the Guidelines and impose a sentence more severe or less severe than provided by the Guidelines, up to the maximum in the statute of conviction. Defendant has discussed the Sentencing Guidelines with defendant's attorney.

12      Acceptance of Responsibility.   The government agrees to recommend that defendant receive credit for acceptance of responsibility under USSG § 3E1.1. The government reserves the right to oppose a reduction under § 3E1.1 if after the plea proceeding the defendant obstructs justice, fails to cooperate fully and truthfully with the United States Probation Office, attempts to withdraw defendant's plea, or otherwise engages in conduct not consistent with acceptance of responsibility. If the base offense level is 16 or above, as determined by the Court, the government agrees that defendant should receive a 3-level reduction, based on timely notification to the government of the defendant's intent to plead guilty.

13      Presentence Report.  Defendant understands that the Court may defer a decision as to whether to accept this plea agreement until after a Presentence Report has been prepared by the United States Probation Office, and after defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report.

14      Evidence at Sentencing.  Defendant, defendant's attorney, and the Government attorney will be permitted to make whatever comment and evidentiary offer they deem

6

appropriate at the time of the guilty plea, sentencing, or any other proceeding related to this case, provided such offer or comment does not violate any other provision of this agreement. The parties are also free to provide all relevant information to the U.S. Probation Office for use in preparing a presentence report.

15    Sentence to be Decided by Judge -- No Promises. This Plea Agreement is entered pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure. Defendant understands that the final sentence, including the application of the Sentencing Guidelines and any upward or downward departures, is within the sole discretion of the sentencing judge, and that the sentencing judge is not required to accept any factual or legal stipulations agreed to by the parties. Any estimate of the possible sentence to be imposed, by a defense attorney or the Government, is only a prediction, and not a promise, and is not binding. Therefore, it is uncertain at this time what each defendant's actual sentence will be.

16    No Right to Withdraw Plea. Defendant understands that defendant will have no right to withdraw the defendant's plea if the sentence imposed, or the application of the Sentencing Guidelines, is other than what the defendant anticipated, or if the sentencing judge declines to follow the parties' recommendations.

## E.    FORFEITURE, FINES, COSTS, AND RESTITUTION

17    Forfeiture. Defendant agrees to forfeiture of the property identified in the Indictment, including the black 9mm HiPoint handgun, magazine, and ammunition, referred to above as seized by law enforcement on October 3, 2010.[1] Defendant will execute any documents

---

[1] The defendant's father, Rodney R. Blevins, has claimed said firearm, and appears to be the legitimate owner thereof. In this situation, the handgun would probably be returned to Rodney R. Blevins. However, the forfeiture provisions remain a part of this plea agreement to extinguish

as directed by the Government to complete the forfeiture.

18   Waivers Regarding Forfeiture. Defendant waives all constitutional and statutory

challenges in any manner (including direct appeal, habeas corpus, or any other means) to any

forfeiture carried out in accordance with this Plea Agreement on any grounds. The defendant

further agrees that the forfeiture provisions of this Plea Agreement are intended to, and will,

survive defendant notwithstanding the abatement of any underlying criminal conviction after

execution of this Plea Agreement. The forfeitability of any particular property pursuant to this

agreement shall be determined as if Defendant had survived and that determination shall be

binding upon Defendant's heirs, successors and assigns until the agreed forfeiture, including any

agreed money judgment amount, is collected in full.

19   Consent to Judgment of Forfeiture. Defendant agrees to waive all interest in asset

subject to this plea agreement in any administrative or judicial forfeiture proceeding, whether

criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of

forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure

32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the

forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant

understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

20   Fines and Costs. Issues relating to fines and/or costs of incarceration are not dealt

with in this agreement, and the parties are free to espouse their respective positions at sentencing.

21   Special Assessment. The defendant agrees to pay the mandatory special

---

whatever right, title or claim the defendant might make to said firearm and ammunition. The
defendant will, presuming his conviction pursuant to this plea agreement, be prohibited from
possessing firearms and ammunition based on this felony conviction.

assessment of $100.00 ($100 per count) at or before the time of sentencing, as required by 18 U.S.C. § 3013.

22    Financial Statement. Defendant agrees to complete truthfully and in full a financial statement provided by the U.S. Attorney's Office, and return the financial statement to the U.S. Attorney's Office within 30 days of the filing of this Plea Agreement.

## F.    LIMITED SCOPE OF AGREEMENT

23    Limited Scope of Agreement. This agreement does not limit, in any way, the right or ability of the Government to investigate or prosecute defendant for crimes occurring outside the scope of this agreement. Additionally, this agreement does not preclude the Government from pursuing any civil or administrative matters against defendant, including, but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.

24    Agreement Limited to Southern District of Iowa. This plea agreement is limited to the United States Attorney's Office for the Southern District of Iowa, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

## G.    WAIVER OF TRIAL RIGHTS - WAIVER OF APPEAL / 2255

25    Trial Rights Explained. Defendant understands that this guilty plea waives the right to:

(a)    continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

(b)    a speedy and public trial by jury, which must unanimously find the defendant guilty before there can be a conviction;

(c)    the assistance of an attorney at all stages of trial and related proceedings,

9

to be paid at government expense if defendant cannot afford to hire an attorney;

(d)     confront and cross-examine adverse witnesses;

(e)     present evidence and to have witnesses testify on behalf of defendant, including having the court issue subpoenas to compel witnesses to testify on the defendant's behalf;

(f)     not testify or have any adverse inferences drawn from the failure to testify (although defendant also has the right to testify, if defendant so chooses); and

(g)     if defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at government expense if defendant cannot afford to hire an attorney.

26     <u>Waiver of Appeal and Post-Conviction Review</u>.  The defendant knowingly and expressly waives any and all rights to appeal defendant's conviction in this case, including a waiver of all motions, defenses and objections which defendant could assert to the charge(s) or to the court's entry of judgement against defendant; except that both the defendant and the United States preserve the right to appeal any sentence imposed by the district court, to the extent that an appeal is authorized by law.  Also, the defendant knowingly and expressly waives any and all rights to contest defendant's conviction in any post-conviction proceedings, including any proceedings under Title 28 U.S.C. § 2255.  These waivers are full and complete, except that they do not extend to the right to appeal or seek post-conviction relief based on grounds of ineffective assistance of counsel and/or prosecutorial misconduct not known to the defendant, or reasonably knowable, at the time of entering this plea agreement.

**H.     VOLUNTARINESS OF PLEA -- OPPORTUNITY TO CONSULT WITH COUNSEL**

27     <u>Voluntariness of Plea</u>.  Defendant represents that defendant's decision to plead

10

guilty is defendant's own, voluntary decision, and that the following is true:

    (a)    Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defendant's attorney, and defendant has a clear understanding of the charges and the consequences of this plea, including the maximum penalties provided by law.

    (b)    No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.

    (c)    No one has threatened defendant or defendant's family to induce this guilty plea.

    (d)    Defendant is pleading guilty because in truth and in fact defendant is guilty and for no other reason.

28    <u>Consultation with Attorney</u>. Defendant has discussed this case and this plea with defendant's attorney and states that the following is true:

    (a)    Defendant states that defendant is satisfied with the representation provided by defendant's attorney.

    (b)    Defendant has no complaint about the time or attention defendant's attorney has devoted to this case nor the advice the attorney has given.

    (c)    Although defendant's attorney has given defendant advice on this guilty plea, the decision to plead guilty is defendant's own decision. Defendant's decision to enter this plea was made after full and careful thought, with the advice of defendant's attorney, and with a full understanding of defendant's rights, the facts and circumstances of the case, and the consequences of the plea.

## I.    ENTIRE AGREEMENT -- EFFECTIVE DATE -- PUBLIC INTEREST

29    <u>Entire Agreement</u>. This plea agreement, and any attachments, is the entire agreement between the parties. Any modifications to this Plea Agreement must be <u>in writing</u> and signed by all parties.

30    <u>Public Interest</u>. The parties state this plea agreement is in the public interest and it

takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

31      Execution/Effective Date. This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below.

32      Consent to Proceedings by Video-Conferencing. Defendant consents to any proceedings in this case, including his plea proceedings, sentencing proceedings, or any other proceedings, being conducted by video-conferencing technology in use within the Southern District of Iowa if approved by the Court.

**J.      SIGNATURES**

33      Defendant. I have read all of this Plea Agreement and have discussed it with my attorney. I fully understand the Plea Agreement and accept and agree with it without reservation. I do this voluntarily and of my own free will. No promises have been made to me other than the promises in this Plea Agreement. I have not been threatened in any way to get me to enter into this Plea Agreement. I am satisfied with the services of my attorney with regard to this Plea Agreement and other matters associated with this case. I am entering into this Plea Agreement and will enter my plea of guilty under this Agreement because I committed the crime to which I am pleading guilty. I know that I may ask my attorney and the judge any questions about this plea agreement, and about the rights that I am giving up, before entering into the plea of guilty.

6 - 30 -11
Date

Eric Steven Blevins

34      Defendant's Attorney.  I have read this Plea Agreement and have discussed it in its

entirety with my client.  There is no Plea Agreement other than the Agreement set forth in this

writing.  My client fully understands this Plea Agreement.  I am satisfied my client is capable of

entering into this Plea Agreement, and does so voluntarily of defendant's own free will, with full

knowledge of defendant's legal rights, and without any coercion or compulsion.  I have had full

access to the Government's discovery materials, and I believe there is a factual basis for the plea.

I concur in my client entering into this Plea Agreement and in entering a plea of guilty pursuant

to the Plea Agreement.

6-30-2011
Date

Joseph D. Herrold
Assistant Federal Public Defender
Capital Square, Suite 340
400 Locust Street
Des Moines, IA 50309-2353
Tel: (515) 309-9610
Fax: (515) 309-9625
Joe_Herrold@fd.org
Attorney for Defendant

35      United States.  The Government agrees to the terms of this Plea Agreement.

United States of America

Nicholas A. Klinefeldt
United States Attorney

6-30-11

By: _____
Stephen Patrick O'Meara
Assistant United States Attorney
United States Attorney's Office
Southern District of Iowa
Third Floor
8 South 6th Street
Council Bluffs, IA 51501-4206
Tel: (712) 328-1612
Fax: (712) 328-4048
stephen.omeara@usdoj.gov

13