IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No.  1:11-cr-00002 |
| | ) | |
| vs. | ) | |
| | ) | |
| ERIC STEVEN BLEVINS, | ) | DEFENDANT'S SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |

**INTRODUCTION**

On January 26, 2011, the government obtained an indictment charging the defendant, Eric Blevins, with being an unlawful user of a controlled substance in possession of a firearm on or about October 3, 2010, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2), and providing notice of intent to seek forfeiture of the firearm pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).  On June 30, 2011, Mr. Blevins formally accepted responsibility by pleading guilty to the charge and consenting to the forfeiture.  The Court accepted his plea and adjudicated him guilty on July 20, 2011.

The presentence report drafter determined that Mr. Blevins' base offense level under the advisory sentencing guidelines is 14 based on his status as a marijuana user when he possessed the firearm.  (PSR ¶13).  Over the objection of both the government and the defendant, the presentence report drafter added a four-level enhancement for allegedly possessing the firearm in connection with another felony offense.  (PSR ¶14).  After calculating Mr. Blevins' criminal history category as III (PSR ¶32), and applying a two-level downward adjustment for acceptance of responsibility (PSR ¶20), Mr. Blevins is at a total offense level of 16, with an advisory

sentencing guideline range of 27 to 33 months of imprisonment. (PSR ¶66). Mr. Blevins contends that the advisory sentencing guideline should be offense level 14, minus two levels for acceptance of responsibility, for a total offense level of 12, with a resulting advisory sentencing guideline range of 15 to 21 months of imprisonment.[1] Mr. Blevins further contends that the statutory sentencing factors contained in 18 U.S.C. § 3553(a) support a finding by the Court that a "sufficient, but not greater than necessary" sentence under the circumstances of this case is a sentence of either probation, or time served and supervised release.

## ARGUMENT

The Supreme Court held in *United States v. Booker* that the mandatory nature of the federal sentencing guidelines system violated the Sixth Amendment of the United States Constitution. 543 U.S. 220, 226-27 (2005). To remedy this, the Supreme Court modified the federal sentencing statute to make the sentencing guidelines truly guidelines – advisory, but not binding on the sentencing court. *Id*. at 245. Subsequent cases have affirmed the authority of the sentencing court to sentence within the range of choice dictated by the facts and applicable law of the case before it. *See Gall v. United States*, No. 06-7949, 128 S.Ct. 586, 602 (2007) (upholding a sentence outside the advisory guideline range as reasonable); *Kimbrough v. United States*, No. 06-6330, 128 S.Ct. 558, 570 (2007) (noting that sentencing courts may vary from the advisory guideline range based solely on policy considerations, including disagreement with the

---

[1] The government supports the objection to the 4-level enhancement applied under USSG § 2K2.1(b)(6), but argues that Mr. Blevins should not be reduced under USSG § 3E1.1(a) for accepting responsibility, due to his marijuana use while on pretrial release prior to entering his guilty plea in this case and previous criminal history. If the government's position is sustained by the Court, the total offense level would be 14, for an advisory sentencing guideline range of 21 to 27 months of imprisonment.

policy underlying the guidelines in a case); *Rita v. United States*, No. 06-5754, 127 S.Ct. 2456, 2465 (2007) (stating that a district court may consider arguments that "the Guidelines sentence itself fails to properly reflect [18 U.S.C.] § 3553(a) considerations"). The result of this development in sentencing law is that sentencing courts must "take account of" the advisory guideline range as part of all the sentencing goals and factors enumerated in 18 U.S.C. § 3553(a), but are no longer bound by the sentencing range indicated by the applicable guideline in the case. *Cunningham v. California*, No. 05-6551, 549 U.S. 270, 127 S.Ct. 856, 867 (2007); *Booker*, 543 U.S. at 261.

The advisory guidelines are, therefore, "the starting point and the initial benchmark" in determining a sentence. *See Gall*, 128 S.Ct. at 596 (stating that "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range"). While district courts must "give respectful consideration to the Guidelines," they are permitted "'to tailor the sentence in light of other statutory concerns as well.'" *Kimbrough*, 128 S.Ct. at 570 (quoting *Booker*, 543 U.S. at 245-46). "[T]he Guidelines are not the only consideration, [and] the district judge should consider all of the § 3553(a) factors" to fashion the appropriate sentence. *Gall*, 128 S.Ct. at 596. As required by the Sentencing Reform Act, the "overarching provision instruct[s] [the] district courts to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing, including 'to reflect the seriousness of the offense,' 'to promote respect for the law,' 'to provide just punishment for the offense,' 'to afford adequate deterrence to criminal conduct,' and 'to protect the public from further crimes of the defendant.'" *Kimbrough*, 128 S.Ct. at 570 (quoting 18 U.S.C. § 3553(a)).

In determining the sentence that is "sufficient, but not greater than necessary," 18 U.S.C.

§ 3553(a) further directs the sentencing court to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the sentencing range and any pertinent policy statement issued by the Sentencing Commission, the kinds of sentences available, the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a); *accord Kimbrough*, 128 S.Ct. at 570. The sentencing court "may not presume that the Guidelines range is reasonable," but rather must "make an individualized assessment based on the facts presented" to arrive at a sentence that is sufficient, but not greater than necessary, in a given case. *Gall*, 128 S.Ct. at 597. There is no legal requirement that "extraordinary circumstances" be present to impose a non-guideline sentence. *Id*. The sentencing judge has a greater familiarity with an individual case than either the Sentencing Commission or the Court of Appeals, and is "therefore, 'in a superior position to find facts and judge their import under § 3553(a)' in each particular case." *Kimbrough*, 128 S.Ct. at 574 (quoting *Gall*, 128 S.Ct. at 597).

In this case, on October 3, 2010, Mr. Blevins and some former friends were staying at a hotel in Council Bluffs, Iowa, essentially having a party in the hotel after going to the nearby casino. Law enforcement officials responded to a call about the smell of marijuana, apparently coming from the room. Inside the room, they found Mr. Blevins and one of his former friends, two marijuana blunts with burnt ends, three containers of K2 synthetic marijuana, a dissembled smoke detector, and several beer cans and bottles. Outside the room, below the window, they found two bags of marijuana, a pipe, and an unloaded firearm in a case. The following day, law enforcement officers learned that the firearm belonged to Mr. Blevins' father, but that it had

been in possession of Mr. Blevins' mother after their divorce.  Later, during an interview with Mr. Blevins, he admitted possessing the firearm on October 3rd, and admitted that he was a marijuana user.  Mr. Blevins entered a guilty plea in this case on June 30, 2011.

Over the objections of both the government and the defendant, the presentence report drafter applied a 4-level enhancement for possession of the firearm in furtherance of a felony offense of marijuana trafficking, based on the pending state charge of conspiracy to possess with intent to deliver less than 50 kg or marijuana.  The presentence report drafter cites *United States v. Fuentes Torres*, 529 F.3d 825, 826 (8th Cir. 2008) for the proposition that the enhancement applies if a gun is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia unless it is "clearly improbable" that the firearm was connected to the drug activity.  This is a misreading of the *Fuentes Torres* case.  The district court in that case incorrectly applied the standard for a firearm enhancement under the drug guideline, rather than the facilitation standard required by the gun guideline, though the un-objected-to error was found to be harmless under the circumstances of the case.  *See id*. at 827-828.

Here, there is no evidence that anything more than a marijuana possession offense was occurring in the hotel room.  The number of persons versus the quantity of marijuana is consistent with possession for personal use, there were marijuana blunts present in the room, the disabled smoke detector is consistent with marijuana usage, there is no digital scale, packaging materials, or other materials consistent with distribution, and Mr. Blevins has a history of marijuana possession and personal use.  The state's charging decision, without more, is insufficient to guide the analysis of this issue, as it is unclear what, if anything will come of the state case going forward.  Nor is there any factual indication that the firearm was somehow

possessed to facilitate the crime of possession of marijuana by Mr. Blevins, it was simply present. *See United States v. Swanson*, 610 F.3d 1005, 1008 (8th Cir. 2010) ("To facilitate the crime of drug possession, the defendant must possess the gun with the purpose or effect of facilitating the drug possession, and the connection cannot be just spatial or coincidental." (citing *United States v. Dalton*, 557 F.3d 586, 589 (8th Cir. 2009)).  There is no evidence that the firearm facilitated another felony offense, and the enhancement under USSG § 2K2.1(b)(6) should not apply, as both the defendant and the government have previously requested through objections to the first draft of the presentence report.

       The Court must also decide whether Mr. Blevins is entitled to the reduction under the advisory sentencing guidelines for accepting responsibility.  Citing Mr. Blevins' pretrial release violations for using marijuana on four occasions and traveling to Kearney, Nebraska once without permission of his probation officer, along with Mr. Blevins' criminal history, the government apparently argues that Mr. Blevins did not accept responsibility for this offense. Mr. Blevins argues, however, that he clearly has accepted responsibility for his offense by admitting his crime and entering a timely guilty plea. *See* USSG § 3E1.1, notes 1, 3 (noting that entry of a timely guilty plea prior to trial constitutes significant evidence of acceptance of responsibility).  His criminal history, including a past probation violation or instances of past drug use, is irrelevant to the question of whether he has accepted responsibility under the circumstances of this case.  While Mr. Blevins did violate his pretrial release conditions by using marijuana on four occasions, and by traveling to Nebraska once without permission of his supervising officer, he respectfully submits that such conduct does not outweigh his conduct evidencing acceptance of responsibility for his offense in the case.  Indeed, his conduct in

relation to the violations actually further demonstrates his acknowledgment of his marijuana problem and acceptance of consequences for his actions. Three of his positive marijuana screens occurred in early March of 2011, just after the federal case had commenced and while Mr. Blevins was just beginning to fight his long-term addiction. The fourth use and the travel violation occurred in mid-June, just after the death of his grandmother and after Mr. Blevins had witnessed the accidental decapitation of a friend and co-worker at his job, which are major stresses that can trigger drug use. Mr. Blevins had not yet started treatment at Behavioral Health Specialists, Inc., when the last violations occurred, though he had been evaluated and diagnosed with cannabis dependence and was awaiting availability of space in the treatment program. Mr. Blevins admitted his marijuana use to his probation officer, and recognizing that his marijuana addiction was causing him problems as part of his supervision in this case, Mr. Blevins did not contest the bond violations and agreed to go into custody after his plea and while awaiting sentencing in this case. He did so despite knowing that his longtime girlfriend was due to give birth to their third child in early October and that he might not be present for the birth. Such conduct seems much more consistent with accepting responsibility than a lack of respect for the administration of justice in the case or an intent to deceive any of the actors involved in the process. *Compare* USSG § 3C1.1, note 5 (noting that *lying* to a probation or pretrial services officer about drug use while on pretrial release ordinarily does not constitute obstruction of justice, but that it *may* be a factor in determining acceptance of responsibility (emphasis added)). This question is firmly in the Court's realm of discretion, but Mr. Blevins respectfully asserts that the balance of factors in this case weighs in favor of deciding that he has accepted responsibility for his offense. *See* USSG § 3E1.1, note 5 ("The Sentencing judge is in a unique

position to evaluate a defendant's acceptance of responsibility.  For this reason, the determination of the sentencing judge is entitled to great deference on review.").

After resolving the advisory sentencing guideline issues in this case, the question becomes what sentence is "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a).  Here, Mr. Blevins was born in Kearney, Nebraska, and has lived in Norfolk, Nebraska most of his life.  He grew up in a home full of mental abuse and trauma, due to his father's alcohol abuse and violence towards the family.  Mr. Blevins was the mediator in the family, as he would hide his younger brother and try to protect his mother during his father's drinking episodes.  This situation resulted in Mr. Blevins having a strained relationship with his father, and a very close relationship with his mother and her parents.

At the age of 12, Mr. Blevins started smoking marijuana, possibly as a means of trying to deal with the trauma he was experiencing at home.  He tried methamphetamine once at age 15, and drank heavily from age 17 to 21, before stopping after realizing he was following in his father's footsteps in that regard.  He has struggled with marijuana addiction throughout his life.  Marijuana has played a role in almost every criminal offense in Mr. Blevins' young life, whether it be an adult or juvenile offense.  Since age 15, he has only been able to stop using marijuana for brief periods, such as after the birth of his children and for a while during pretrial release in this case.  He has successfully completed a 30-day treatment program once in 2003, some outpatient treatment in 2002 and 2006 through Faith Regional Health Services in Norfolk, Nebraska, and has been diagnosed as dependent on marijuana since 2001.  Mr. Blevins recognizes that he needs serious help to overcome his marijuana addiction, and seeks any and all assistance the Court and the United States Probation Office can provide in that regard.  He has been attending alcoholics

anonymous meetings at the Pottawattamie County Jail (there is no narcotics anonymous program, but AA pursues a similar approach) since going into custody, and has kept in contact with the Norfolk Treatment Program in Norfolk, Nebraska, so he has a treatment program he can pursue once he is released from custody.

The Court's duty is to impose a sentence that is "sufficient, but not greater than necessary" to meet the goals of sentencing in light of the nature and circumstances of Mr. Blevins' offense and his personal history and characteristics.  18 U.S.C. § 3553(a)(1).  Mr. Blevins submits that a sentence that provides for marijuana treatment and supervision is the most effective manner of providing correctional treatment under 18 U.S.C. § 3553(a)(2)(D).  As the presentence report indicates, Mr. Blevins has struggled with marijuana addiction for nearly half of his 26 years of life.  As noted above, marijuana use has played a role in his criminal history, and is obviously an element of the offense in this case.  Despite those struggles, however, Mr. Blevins has remained largely steadily employed, and has done his best to provide for his young children.  If Mr. Blevins can overcome his marijuana addiction, there are ample signs that indicate he can be a very productive member of society who will work hard and support his family.

Indeed, rehabilitation is one of the goals of any case in the criminal justice system.  Mr. Blevins submits that supervision and treatment are the ideal way of helping him overcome his addiction, which will in turn keep him out of trouble with law, and thereby protect the public and Mr. Blevins in the most effective manner.  In this regard, the Court has probation or supervised release available as sentencing options under the law that the Court should consider under 18 U.S.C. § 3553(a)(3).  A term of probation from one to five years is authorized under 18 U.S.C. §

3561(c)(1), or up to three years of supervised release following any sentence of imprisonment imposed by the Court.  Probationers are generally not likely to endanger the public, because "[t]he violation rates for federal offenders placed on simple probation or home confinement have historically been low, particularly for violations for commissions of new crimes." *See* U.S. Sentencing Commission, *Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines* at 13 (May 2004) (finding that offenders recidivate at a rate of 15.1% with straight probation sentences, 16.7% with probation plus confinement sentences, and 25.6% with straight prison sentences).  Supervision will allow Mr. Blevins to pursue substance abuse treatment in the most effective manner with the support of the probation office to assist and guide him, while also allowing him to provide for his family and keep his life on a positive trajectory in a real world setting.  Prison is not an appropriate way to rehabilitate an individual, or to provide needed correctional treatment as required under 18 U.S.C. § 3553(a)(2)(D), and a supervisory sentence of some type would recognize this fact.  *See also* S. Rep. No. 225, 98th Cong., 1st Sess., 120 ("[t]he caution concerning the use of rehabilitation as a factor to be considered in imposing sentence is to discourage the employment of a term of imprisonment on the sole ground that a prison has a program that might be of benefit to the prisoner").

     In addition, Mr. Blevins has now been in custody for slightly over four months.  This is the first time he has ever been incarcerated, and he has felt both the punitive and deterrent aspects of losing his freedom.  He had to miss the birth of his third child, and has been unable to work to support his family.  He is deeply ashamed of his inability to be a provider for them, but also realizes that it is his own bad decisions that have brought about that fact.  It does not necessarily follow, however, that additional incarceration is necessary to further those, or any

other, goals of 18 U.S.C. § 3553(a). Indeed, a sentence of probation, or some time served followed by supervised release, will be a significant restriction on Mr. Blevins' freedom for up to five years. Such a restriction, combined with the substance abuse and cognitive behavioral treatment recommended by the Probation Office, will mean that Mr. Blevins will have the eyes of the federal government upon him for a long period of time. The threat of possible revocation looms over him for any relapse.

Such a supervisory sentence will reflect the seriousness of the offense, provide a just punishment, promote respect for the law, and will be a significant deterrent to Mr. Blevins and other potential offenders. 18 U.S.C. § 3553(a)(2)(A - B). Just as importantly, Mr. Blevins will receive needed correctional treatment in the most effective manner, 18 U.S.C. § 3553(a)(2)(D), and the public will be protected from any future offenses by Mr. Blevins through his treatment and supervision. 18 U.S.C. § 3553(a)(2)(C). The Court must seek to avoid any unwarranted sentencing disparities, but Mr. Blevins' personal history and characteristics discussed above take this case outside the typical prohibited person in possession of a firearm offense, meaning any disparity between Mr. Blevins' sentence and those received by other offenders would be warranted by the facts of this case. 18 U.S.C. § 3553(a)(6). As the Sentencing Commission has noted:

> Effective alternative sanctions are important options for federal, state, and local criminal justice systems. For the appropriate offenders, alternatives to incarceration can provide a substitute for costly incarceration. Ideally, alternatives also provide those offenders opportunities by diverting them from prison (or reducing time spent in prison) and into programs providing the life skills and treatment necessary to become law-abiding and productive members of society.

USSC, *Alternative Sentencing in the Federal Criminal Justice System*, at 2-3 (Jan. 2009). Mr. Blevins appears to be an ideal candidate for such an "alternative sanction" rather than prison,

and he asks that the Court impose such a sentence. A supervisory sentence in this case will promote respect for the law by demonstrating to the public that the criminal justice system is committed to rehabilitating people like Mr. Blevins who have struggled with marijuana dependency throughout their lives, and that the courts can recognize when imprisonment could do more harm than good to both an individual defendant and society as a whole. 18 U.S.C. § 3553(a)(2)(A). If straight supervision with conditions is not sufficient to punish Mr. Blevins for his offense, the Court can tailor a supervisory sentence to be more punitive, such as by imposing time in home detention, at a halfway house, or even intermittent confinement in the local jail. Any such additional punitive measures would seem to have strong punitive effect, while also permitting the rehabilitative goals of 18 U.S.C. § 3553(a) to be pursued at the same time without removing Mr. Blevins completely from the community.

In conclusion, Mr. Blevins submits that a supervisory sentence is a "sufficient, but not greater than necessary sentence" after the factors in 18 U.S.C. § 3553(a) are taken into account in this case. Such a sentence will be a significant restriction on Mr. Blevins' freedom for up to a five-year period of his life. The advisory guidelines themselves note that probation is a significant sanction for criminal conduct, and there is no reason not to consider supervised release along the same lines:

> The Comprehensive Crime Control Act of 1984 makes probation a sentence in and of itself. 18 U.S.C. § 3561. Probation may be used as an alternative to incarceration, provided that the terms and conditions of probation can be fashioned so as to meet fully the statutory purposes of sentencing, including promoting respect for the law, providing just punishment for the offense, achieving general deterrence, and protecting the public from further crimes by the defendant.

USSG, Chapter 5, Part B - Probation, Introductory Commentary. A supervisory sentence would reflect the seriousness of the offense, promote respect for the law, and be a just punishment.

Both specific and general deterrence can be served by a probation sentence with the threat of revocation looming for any violations of the terms and conditions imposed by the Court. A sentence of probation will provide Mr. Blevins with the opportunity to pursue his rehabilitative efforts in a real-world setting, which is the most effective means of providing corrective and rehabilitative treatment under the circumstances of this case. Mr. Blevins respectfully asks the Court to use its discretion, after considering the nature and circumstances of the offense, his history and characteristics, and the other sentencing factors contained in 18 U.S.C. § 3553(a), and impose a supervisory sentence that is tailored to the nature and circumstances of this case along with Mr. Blevins' history and characteristics.

> FEDERAL PUBLIC DEFENDER'S OFFICE
> Capital Square, Suite 340
> 400 Locust Street
> Des Moines, IA 50309-2353
> Phone: 515-309-9610
> Fax: 515-309-9625
> E-mail: joe_herrold@fd.org
>
> /s/ Joseph Herrold
> Joseph Herrold
> Assistant Federal Public Defender
> ATTORNEY FOR DEFENDANT

CERTIFICATE OF SERVICE
I hereby certify that on October 25, 2011, I electronically filed this document with the Clerk of Court using the ECF system which will serve it on the appropriate parties.
          /s/ Theresa McClure